IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

JOSEPH GORSKI, TRADEWAYS, LTD.,
AND TRADEWAYS, LTD., SIMPLE IRA,

    Defendants.

Civil Action

No.

---

## COMPLAINT

R. Alexander Acosta, Secretary of Labor, United States Department of Labor, hereby alleges:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The Tradeways, Ltd. SIMPLE IRA Plan (the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to

the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is administered in Annapolis, Maryland.

4. Venue with respect to this action lies in the District of Maryland, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## The Parties

5. The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6. At all relevant times, Tradeways, Ltd. ("the Company") has been a Plan Sponsor and the Plan Administrator of the Plan. At all relevant times, the Company has exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or discretionary responsibility in the administration of the Plan. The Company, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (C) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (C).

7. At all relevant times, Joseph Gorski ("Gorski") has been the President of the Company. Gorski made decisions regarding the Plan, including decisions as to the disposition of Plan assets and decisions as to whether employee or employer contributions should be remitted to the Plan. Gorski also performed functions of the Plan Administrator. At all relevant times, Gorski has exercised discretionary authority or discretionary control respecting management of

the Plan, exercised authority or control respecting management or disposition of the Plan's assets and had discretionary authority or discretionary responsibility in the administration of the Plan. Gorski, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (H).

8. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## General Allegations

9. The Company established the Plan in 2003. The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions. For each calendar year, the Plan also required the Company to contribute a matching contribution to each eligible employee's account equal to 2% of the employee's compensation for the calendar year.

10. During the period of January 2009 through December 2015, the Company and Gorski deducted money from the participants' pay as employee contributions to the Plan. Gorski and the Company failed to remit these withheld employee contributions to the Plan.

11. Unremitted employee contributions are assets of the Plan within the meaning of ERISA. Defendants Gorski and the Company failed to segregate the Plan assets from the general assets of the Company.

12. During the period of January 2009 through December 2015, Gorski and the Company also failed to remit mandatory employer contributions to the Plan or take any action to collect the contributions from the Company payable to the Plan.

13. Gorski and the Company participated knowingly in or knowingly undertook to conceal acts or omissions by the others that they knew to be violations of ERISA.

14. Gorski and the Company failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and enabled the others to commit breaches of ERISA.

15. Gorski and the Company knew that the other had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the other's breaches.

## Violations

16. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-15 inclusive.

17. By the actions and conduct described above, Defendants Gorski and the Company, as fiduciaries of the Plan:

    a. failed to ensure that the assets of the Plan did not inure to the benefit of the Company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

    b. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill,

        prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

    d.    failed to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of Title I and IV of ERISA in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D);

    e.    caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

    f.    dealt with assets of the Plan in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b) (1).

18.    By participating knowingly in the fiduciary breaches of the others, knowing such acts or omissions to be breaches of fiduciary duty, Gorski and the Company are each liable for the others breaches of fiduciary responsibility, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

19.    By failing to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and thereby enabling the others to commit breaches of ERISA, Gorski and the Company are liable for the others' breaches of fiduciary responsibility,

pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

20. By failing to make reasonable efforts under the circumstances to remedy the other's breaches of which they had knowledge, Gorski and the Company, as fiduciaries of the Plan, are liable for each other's fiduciary breaches, pursuant to Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

## Prayer for Relief

21. WHEREFORE, the Secretary prays that this Court issue an order:

   a. Appointing an independent fiduciary with plenary authority and control with respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action with respect to the Plan and the distribution of benefits to the Plan's participants and beneficiaries, with all costs of the independent fiduciary to be paid by the defendants;

   b. Ordering Gorski and the Company to restore to the Plan all losses, including interest or lost opportunity costs and the costs of the independent fiduciary, which were caused by their fiduciary misconduct;

   c. Removing Gorski and the Company as fiduciaries of the Plan and of any employee benefit plan for which they acts as fiduciaries;

   d. Requiring the Plan to set off any individual account balances of Gorski against the amount of losses, including interest or lost opportunity costs and the costs of the independent fiduciary, resulting from their fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), and reallocating the account balances to


the non-breaching participants, if the losses are not otherwise restored to the Plan by defendants;

e. Permanently enjoining Gorski and the Company from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

f. Permanently enjoining Gorski and the Company from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

g. Awarding plaintiff, Secretary of Labor, the costs of this action; and

h. Awarding such other relief as is equitable and just.

Respectfully submitted,

Post Office Address:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor
U.S. Department of Labor
170 South Independence Mall West
Suite 630 East
Philadelphia, Pennsylvania 19106
(215) 861-5144
(215) 861-5126 (fax)
brown.jessica.r@dol.gov
zzsol-phi-docket@dol.gov

Oscar L. Hampton III
Regional Solicitor

Jodeen M. Hobbs
Regional Counsel for ERISA

Jessica R. Brown
Senior Trial Attorney
PA 87322

U. S. DEPARTMENT OF LABOR

Attorneys for Plaintiff