IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

JOSEPH GORSKI, TRADEWAYS, LTD.,
AND TRADEWAYS, LTD. SIMPLE IRA

    Defendants.

---

Civil Action GLR-18-732

No. 18-cv-00732

## CONSENT JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor ("Secretary"), has filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging certain violations by Defendant Joseph Gorski ("Gorski") and Defendant Tradeways, Ltd. ("the Company") (hereinafter jointly, "Defendants"). The Tradeways, Ltd. Simple IRA ("Plan") was joined as a party defendant under Fed. R. Civ. P. 19(a) solely to assure that complete relief could be granted.

Counsel for the Secretary has engaged in settlement discussions with counsel for Defendants. The Secretary and Defendants have agreed to resolve this case without further litigation. Defendants admit to the jurisdiction of this Court over them and the subject matter of this action. Defendants further waive answering the Complaint, and consent to the entry of this Consent Judgment against them by this Court, the terms of which are set forth herein:

1.     The Secretary's Complaint alleges that Defendants violated Sections 403, 404, 405 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, 1105, and 1106.

2. For purposes of this Consent Judgment, Defendants admit that the Court has jurisdiction over them and the subject matter of this action.

3. The Defendants neither admit nor deny the allegations in the Secretary's Complaint.

4. The Secretary has agreed to resolve all claims asserted in the Complaint against Defendants for the equitable relief set forth below.

5. The Secretary and Defendants understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Defendants of any defenses, legal or equitable, to any such future action.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

a. For purposes of this Consent Judgment, the parties agree that the Court has jurisdiction over the Defendants and this proceeding, and that venue in this Court is proper.

b. Defendants shall, jointly and severally, restore $165,508.31 in plan assets and $33,905.80 in pre-judgment interest to the Plan in thirty-nine (39) monthly installments of $5,000 and a final payment of $4,414.11. The first such payment is due the first of the month not less than thirty-five (35) days from the date the Court approves this Consent Judgment. Each payment shall be due the first of the month *in*

    *seriatim.* Defendants may prepay the amounts due under this judgment without penalty.

c. The Plan shall immediately allocate this restitution to the Plan participants' accounts in amounts necessary to restore their losses incurred as a result of Defendants' breaches. No part of the restitution amount shall be allocated or paid to Defendant Gorski.

d. Defendant Gorski is owed a total of $11,026.66 and $1,144.51 in lost opportunity costs as a result of his failure to remit employer contributions to the Plan. Defendant Gorski hereby waives the repayment of this sum to his individual Plan account as part of the resolution of this matter.

e. The Plan shall apply this restitution to missing employer contributions and associated lost earnings first. After all missing employer contributions have been made; then the Plan shall apply the restitution to missing employee contributions and associated lost earnings.

f. In the event that Defendants fail to make any installment payment within ten (10) days of its due date, the entire balance then owing, plus interest to be calculated at the post-judgment rate of interest in effect at the time of the entry of this Consent Judgment and reasonable attorneys' fees, shall become immediately due and payable.

g. Defendants shall ensure that the payments to the participants are designated as Plan assets and that participants are given the option of a direct Individual Retirement Account ("IRA") rollover. If Defendants are unable to locate any Plan participant who is owed restitution, they shall establish an IRA for that individual to hold that

3

individual's distribution while they take all reasonable and necessary steps to locate the individual, in accordance with EBSA Field Assistance Bulletin 2014-01. Any costs associated with locating participants and the allocation and distribution of this restitution shall be paid by Defendants, and in no event shall any such costs be deducted from the $199,414.11 that Defendants must restore to the Plan and allocate to the Participants.

h. The Defendants shall provide to the Regional Director of EBSA satisfactory proof of each payment to the Plan, on a monthly basis. Satisfactory proof of the payments by the Defendants shall consist of at a minimum a copy of all bank statements and allocation information given to the asset custodian or any other information and documents deemed necessary by EBSA to confirm compliance with this Consent Judgment. Additionally, this proof must include the quarterly Contribution Reports provided by the asset custodian. Such proof shall be sent to the Regional Director, EBSA, U.S. Department of Labor, 1335 East West Highway, Suite 200, Silver Spring, MD 20910.

i. Upon EBSA's receipt of the written confirmation required by Paragraph 5.h of this Consent Judgment, Defendants are permanently enjoined from serving as trustee, fiduciary, advisor, or administrator to any employee benefit plan subject to ERISA. Specifically, Defendants are permanently enjoined from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan.

j. Upon receiving proof of the final restitution payment, the Secretary shall assess a penalty against Defendants in the amount of 20 percent of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The Defendants agree to pay any penalty assessed by the Department of Labor under ERISA § 502(l), 29 U.S.C. § 1132(l), except to the extent that they seek and are granted a waiver as a result of financial hardship pursuant to ERISA § 502(l)(3)(B), 29 U.S.C. § 1132(l)(3)(B) in the Secretary's sole discretion, and if the Defendants agree to waive any other defenses or appeals if such financial hardship is denied or if they fail to seek said waiver within the time set forth in the assessment letter; and this document or a copy thereof can be used as evidence of their waiver of further defenses or appeals pursuant to ERISA § 502(l)(3).

k. Defendants are permanently enjoined from violating any provisions of ERISA in the future.

l. The Secretary and the Defendants shall each bear their own costs, expenses, and attorneys' fees in connection with any stage of this matter, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended. The Defendants expressly waive any and all claims of any nature they may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access to Justice Act.

m. If either Defendant files for any form of bankruptcy prior to the full payment of restitution to the Plan, Defendants will not oppose any proof of claim that the Secretary files in the bankruptcy proceeding for any amount still owing.

n. If Defendant Gorski files for any form of bankruptcy prior to the full payment of restitution to the Plan, Defendant Gorski will not oppose an adversary action that the Secretary may file to have the debt to the Plan declared non-dischargeable.

o. In the event Defendant Gorski files for bankruptcy protection in the future, any amount of unpaid liability set forth in paragraph (b) above, which resulted from his breach of his fiduciary duties, is, and shall be treated as, a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

p. The Secretary and Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

q. This Consent Judgment shall operate as a final disposition of all claims asserted by the Secretary against Defendants in the Complaint.

r. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

s. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

t. The Court directs the entry of this Consent Judgment as a final order for the Plaintiff Secretary of Labor and against Defendants.

Date: February 20, 2018

_____  3/19/18
George L. Russell
United States District Judge

Defendant Joseph Gorski
waives filing an answer and
consents to entry of this Consent Judgment

_____
Joseph Gorski

Defendant Tradeways, Ltd.
waives filing an answer and
consents to entry of this Consent Judgment

_____ /mcc
By: Paul W. Madden, Esq.
Whiteford, Taylor, & Preston, LLP
Counsel for Defendants
Seven Saint Paul Street
Baltimore, Maryland 21202

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Jodeen M. Hobbs
Regional Counsel for ERISA

_____
Jessica R. Brown
Senior Trial Attorney
PA 87322

Office of the Solicitor
170 S. Independence Mall West
Suite 630 E, The Curtis Center
Philadelphia, PA 19147
Phone: (215) 861-5144
Fax: (215) 861-5162
brown.jessica.r@dol.gov
zzsol-phi-docket@dol.gov

U.S. DEPARTMENT OF LABOR